UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Midwest Disability Initiative
and Gerald Doyen,

        Plaintiffs,

v.                                              17-cv-4401 (JNE/FLN)
                                                             ORDER

JANS Enterprises, Inc. d/b/a
Nico's Taco & Tequila Bar
and JC LLC,

        Defendants.

Defendant JANS Enterprises, Inc. d/b/a Nico's Taco & Tequila Bar ("Nico's") and Defendant JC LLC move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants also move for sanctions under Federal Rule of Civil Procedure 11. Plaintiff Midwest Disability Initiative ("MDI") and Plaintiff Gerald Doyen ("Doyen") oppose both motions. For the reasons set forth below, the Court grants the motion to dismiss and denies the motion for sanctions.

## **BACKGROUND**

Defendants argue in their motion to dismiss that the doctrine of res judicata (or "claim preclusion") requires dismissal of the claims against them. Specifically, Defendants argue that the final judgment in a prior case—*Midwest Disability Initiative v. JANS Enterprises, Inc.*, 17-cv-1279 (D. Minn. Aug. 8, 2017)—bars Plaintiffs' current

claims. Defendants argue in their motion for sanctions that Plaintiffs' counsel violated Rule 11 by choosing to pursue these barred claims in this case.

    A.    <u>The prior judgment involving Defendants, MDI, and Paul Testa.</u>

Paul Testa, who is not a party to this case, "is a disabled individual who suffers from severe avascular necrosis." He fully depends on a wheelchair or motor scooter and is a member of MDI. ECF No. 5-1 at 8, 12. Defendant JANS Enterprises, Inc. owns and operates Nico's. It is also the lessee of the property on which Nico's operates. Defendant JC LLC is the lessor of the property. *Id.* at 12-13.

On December 16, 2016, Testa visited Nico's and "encountered unlawful and discriminatory barriers to equal and independent access and enjoyment of the premises." *Id.* at 8. On March 24, 2017, Testa and MDI filed a complaint against Defendants ("the Testa Case"). *Id.* at 5. MDI described itself in this complaint as "a Minnesota nonprofit corporation organized under Chapter 317A of the Minnesota Statutes. The purpose of MDI is to 'make a trail and leave a path' by holding businesses that ignore the requirements of the ADA accountable and thereby educating the business, public and disabled communities as to the rights the disabled have under the law." *Id.* at 11.

The complaint in the Testa Case alleged that Defendants violated Title III of the Americans with Disabilities Act ("ADA"). It stated: "Defendants have discriminated against Testa and others in that it has failed to make its place of public accommodation

2

fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder." *Id.* at 21. The complaint listed nine discriminatory architectural barriers that allegedly violated the ADA and its regulations. *Id.* at 16-18. The complaint explained that the list of barriers was not exhaustive. *Id.* at 18. To remedy these violations, the complaint requested injunctive relief under the ADA to require "Defendants to make readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA." *Id.* at 9.

On August 2, 2017, Defendants, MDI, and Testa stipulated to dismissal with prejudice, which the court ordered on August 8, 2017. *Id.* at 42-46.

B.     The case now before the Court involving Defendants, MDI, and Doyen.

On August 18, 2017, MDI and Doyen filed a Complaint against Defendants ("the Doyen Case"), which is currently before the Court. Compl., ECF No. 1-1.

"Doyen is a left leg below-the-knee amputee who also has a left hand deformity making it difficult to grasp, twist and hold things." *Id.* ¶¶ 6, 15. He depends fully on a wheelchair or motor scooter. *Id.* He has been a member of MDI since at least August 23, 2016, roughly seven months before the start of the Testa Case. *See* Complaint ¶ 12, *Midwest Disability Initiative v. Hazy Moon, LLC*, 16-cv-3409 (D. Minn. Oct. 7,

2016). He has been or is currently co-plaintiff with MDI in at least nine other suits for architectural ADA violations. ECF No. 5-1 at 48.

In the Complaint, MDI again describes itself as "a Minnesota nonprofit corporation organized under Chapter 317A of the Minnesota Statutes. The purpose of MDI is to 'make a trail and leave a path' by holding businesses that ignore the requirements of the ADA accountable and thereby educating the business, public and disabled communities as to the rights the disabled have under the ADA." Compl. ¶ 14.

The Complaint alleges that Doyen visited Nico's on August 14, 2017. *Id.* ¶ 6. While there, he "encountered and was deterred from patronizing the subject facility by unlawful and discriminatory barriers to equal and independent access and enjoyment at the premises." *Id.* The Complaint maintains that: "Defendants have discriminated against Doyen and others in that it has failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder." *Id.* ¶ 48. The Complaint again lists nine discriminatory architectural barriers that allegedly violate the ADA and its regulations. *Id.* ¶¶ 33(a)-(i). Two of the nine listed barriers are new. One new barrier is "an inaccessible public entrance in the back of the facility" *Id.* ¶ 33(b). The other new barrier is "an inadequately maintained parking lot with a broken, patched, littered, and deteriorated surface on the entrance route." *Id.* ¶ 33(g).

As in the Testa Case, the Complaint here seeks injunctive relief under the ADA to require "Defendants to make readily achievable alterations to their facilities so as to

4

remove physical barriers to access and make their [p]remises fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA." *Id.* ¶¶ 9-10.

    C.    <u>The motion to dismiss and the motion for sanctions.</u>

On October 3, 2017, Defendants moved to dismiss under Rule 12(b)(6), arguing that, under the doctrine of res judicata, the Testa Case bars the Doyen Case. Defs. Br. 1, ECF No. 4. On October 24, Plaintiffs filed a brief in opposition to the motion to dismiss. Pls. Br. 1, ECF No. 7. On November 7, 2017, Defendants moved under Rule 11 for sanctions. Defs. Sanctions Br. 1, ECF No. 11. Plaintiffs opposed sanctions. Pls. Sanctions Br. 1, ECF No. 18.

## STANDARD OF REVIEW

The "affirmative defense of res judicata may be raised in a motion to dismiss, if the applicability of res judicata 'is apparent on the face of the complaint.'" *Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 972 (D. Minn. 2014) (quoting *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012)). The "face of the complaint" includes "public records and materials embraced by the complaint." *C.H. Robinson Worldwide*, 695 F.3d at 764 (citation omitted). Here, the Court relies on only the Complaint and public records. Thus, it treats Defendants' motion as one for dismissal under Rule 12(b)(6) as opposed to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d) (requiring a court to treat a motion under Rule 12(b)(6) as a motion for

summary judgment under Rule 56 when the court considers matters outside the pleadings).

When reviewing a motion under Rule 12(b)(6), the Court "accept[s] as true the factual allegations contained in the complaint and draw[s] all reasonable inferences in favor of the nonmoving party." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 781 (8th Cir. 2009). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

### I.     The Motion to Dismiss

"Under res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Yankton Sioux Tribe v. United States Dep't of Health and Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (citation omitted). "To establish that a claim is barred by res judicata a party must show: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'" *Id.* (citation omitted).

Plaintiffs concede that the Testa Case fulfills elements (1) and (2). They argue that element (3) is unfulfilled because Doyen was neither a party nor in privity with a party to the Testa Case. They argue that element (4) is unfulfilled because Doyen raises two architectural violations absent from the Testa Case, making Doyen's claims different.

A. <u>The privity element of the res judicata test.</u>

"A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit. The application of claim and issue preclusion to nonparties thus runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" *Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008) (quoting *Richards v. Jefferson Cty.*, 517 U.S. 793, 798 (1996)).

In *Taylor*, the Supreme Court recognized six exceptions to this rule against nonparty preclusion. 553 U.S. at 893-95. Only one exception is applicable here: the exception for "adequate representation." Under this exception, "'in certain limited circumstances,' a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who was a party' to the suit." *Id.* at 894 (citation omitted). The Supreme Court explained:

> A party's representation of a nonparty is "adequate" for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned, and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty. In addition, adequate representation sometimes requires (3) notice of the original suit to the persons alleged to have been represented.

7

*Id.* at 900 (citations omitted). Thus, a party seeking claim preclusion must demonstrate the fulfillment of the first two elements and sometimes the third element of the above *Taylor* test.

Here, the two necessary elements of the *Taylor* test of adequate representation are both fulfilled. First, the interests of the representative (MDI) in the Testa Case clearly align with the interests of the nonparty (Doyen) in the current case. *Taylor*, 553 U.S. at 900 (requiring that the "interests of the nonparty and her representative are aligned"). MDI in the Testa Case sought to correct architectural violations of the ADA at Nico's. Plaintiffs here do the same.

Second, MDI in the Testa Case understood itself to be acting in a representative capacity for Doyen. *Taylor*, 553 U.S. at 900 (requiring that "the party understood herself to be acting in a representative capacity"). Plaintiffs argue that "MDI has associational standing to participate in claims brought by its members, and participates in an effort to help the individual member prosecute his or her claim, nothing more." Pls. Br. 7. They maintain that "MDI did not understand itself to be acting in a representative capacity for Doyen or any individual member other than Mr. Testa in the Testa" Case. Pls. Br. 6.

But the complaint in the Testa Case proves otherwise. In it, MDI stated that it is "a Minnesota nonprofit corporation" that "hold[s] businesses that ignore the requirements of the ADA accountable and thereby educat[es] the business, public and disabled communities." ECF No. 5-1 at 11. MDI explained that its ultimate goal was to "make a

8

trail and leave a path." *Id.* These words signify an intention to represent the interests of, at the very least, the members of MDI, if not a much broader group of individuals. And so, because MDI understood itself to represent its members, and because Doyen was a member of MDI during the Testa Case, MDI understood itself to represent his interests in the Testa Case.

Although there is no evidence that Doyen received notice—the third element of the *Taylor* test—a finding of privity by adequate representation only sometimes requires notice. *Taylor*, 553 U.S. at 900; *Yankton Sioux Tribe*, 533 F.3d at 640. Here, a finding of notice to Doyen is unnecessary. That said, even if the Court required a finding of notice, Doyen likely had constructive notice of the Testa Case, as (1) MDI had associational standing to represent its members in the Testa Case, (2) Doyen was a member of MDI during the Testa Case, (3) MDI and Doyen in the Doyen Case share counsel with MDI in the Testa Case, and (4) Doyen is or was co-plaintiff with MDI in at least nine other similar suits. *See Yankton Sioux Tribe*, 533 F.3d at 641 (finding constructive notice for purposes of res judicata where plaintiff was a member of the Tribe subject to a prior final judgment).

In sum, MDI adequately represented Doyen in the Testa Case and, therefore, Doyen was in privity with MDI in the Testa Case.

B.    The same claim element of the res judicata test.

As stated above, to "establish that a claim is barred by res judicata a party must show," in addition to the three other elements, that "both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe*, 533 F.3d at 639 (citation omitted). A claim is deemed the same as a prior claim "if it arises out of the same nucleus of operative facts as the prior claim." *Id.* at 641 (citation omitted). This determination involves examining "whether the second lawsuit is 'part of the transaction, or series of connected transactions, out of which the [first] action arose . . . , giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.'" *First Nat'l Bank in Sioux Falls v. First Nat'l Bank South Dakota*, 679 F.3d 763, 767 (8th Cir. 2012) (citation omitted).

The claims in the Testa Case are the same as the claims in the Doyen Case. Both cases involve claims for ADA violations arising from architectural barriers. The Testa Case sought the repair of all barriers, even those not explicitly listed, and the court ordered the dismissal of the Testa Case on August 8, 2017. A mere ten days later, MDI and Doyen commenced this case seeking the remedy of all barriers then existing. Thus, although Doyen and Testa encountered the alleged barriers months apart, the barriers in each case, and the wrong they represent, are closely related "in time, space, [and] origin" and, as such, are part of the same "series of connected transactions." *First Nat'l Bank in Sioux Falls*, 679 F.3d at 767. As a result, they are the same for purposes of res judicata.

C.     Conclusion

For the above reasons, the Court finds that all four elements of the test for res judicata are satisfied. Plaintiffs' claims are barred and dismissed with prejudice.

## II.     The Motion for Sanctions

Rule 11 requires an attorney to certify that a pleading or motion (1) "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and (2) includes "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous argument." In deciding whether an attorney is liable for sanctions for violating Rule 11, "the standard . . . is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (citation omitted).

Defendants argue that Plaintiffs' counsel knew or should have known that the doctrine of res judicata bars the current claims. From this, Defendants insist that Plaintiffs' counsel pursued these claims for an improper purpose and, in doing so, violated Rule 11. Dfs. Sanctions Br. 12-13.

But counsel for Plaintiffs raised reasonable challenges to both the privity element and the same claim element of the test for res judicata. Accordingly, the Court cannot say that Plaintiffs' counsel intentionally or recklessly disregarded his duties to the Court.

*Adams*, 863 F.3d at 1077.  For that reason, the Court denies the motion for sanctions under Rule 11.

## **CONCLUSION**

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 3] is GRANTED.

2. Defendants' motion for sanctions [ECF No. 10] is DENIED.

3. This action [ECF No. 1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 13, 2017

                                            s/ Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge